KARL S. HALL
Reno City Attorney
JONATHAN D. SHIPMAN
Assistant City Attorney
Nevada State Bar No. 5778
WILLIAM J. McKEAN
Deputy City Attorney
Nevada State Bar No. 6740
CHANDENI K. SENDALL
Deputy City Attorney
Nevada State Bar No. 12750
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendant City of Reno*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANNY LEE CLEOUS AND SHARRON L. CLEOUS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.: 3:20-cv-00585-RCJ-CLB<br><br>**DEFENDANT CITY OF RENO'S MOTION TO DISMISS** |

  Defendant City of Reno ("Defendant" or the "City"), by and through its attorneys, Reno City Attorney Karl S. Hall, and Deputy City Attorney William J. McKean, hereby submits its Motion to Dismiss Plaintiffs' Verified Complaint for failure to state a claim upon which relief can be granted. This Motion is made and based on Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the pleadings and papers on file herein, and the following memorandum of points and authorities.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

-1-

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On October 16, 2020, Plaintiffs Sharron and Danny Cleous initiated this action under 42 U.S.C. § 1983 alleging a violation of Fifth Amendment's Takings Clause. EFC No.1 (Complaint), ¶¶91-102. The Complaint also alleges Nevada state-law claims for inverse condemnation, trespass, conversion, and nuisance.[1] *Id.*, ¶¶103-124.

**II. FACTUAL ALLEGATIONS**

Plaintiffs make the following allegations: This case involves a residential property located at 11630 Tupelo Street in Washoe County, Nevada. EFC 1, ¶5. The property is owned by Sharron Cleous, but only her son Danny Cleous lives there. *Id.*, ¶¶5, 62 & 64. Between February and May 2017—*for the first time in over 50 years*—Swan Lake overflowed its natural boundary. *Id.*, ¶14 & 70. This overflow "physically invaded" the property on February 8, 2017, and continued through May 2017. *Id.*, ¶¶67 & 70. During that time period, Danny Cleous was displaced from the property for three days. *Id.*, ¶75. Plaintiffs allege that the overflow was caused by the City's approval of private development and operation of a wastewater treatment

---

[1] The City was served with the Complaint on January 5, 2021. Since January 5, 2021, the City has been served with a total of 27 complaints on behalf of plaintiffs asserting the same causes of action based on similar factual and/or legal allegations. Those other complaints have been docketed as *Aguilar vs. City of Reno*, 3:21-cv-00011-MMD-CLB; *Berns vs. City of Reno*, 3:20-cv-00649-MMD-CLB; *Berry vs. City of Reno*, 3:21-cv-00038-LRH-CLB; *Bushey vs. City of Reno*, 3:20-cv-00650-MMD-WGC; *Conlin vs. City of Reno*, 3:21-cv-00012-MMD-WGC; *Dekker vs. City of Reno*, 3:20-cv-00712-LRH-WGC; *Donohoe vs. City of Reno*, 3:21-cv-00014-MMD-CLB; *Dutcher vs. City of Reno*, 3:21-cv-00015-MMD-CLB; *Estrada vs. City of Reno*, 3:20-cv-00579-MMD-CLB; *Hall vs. City of Reno*, 3:21-cv-00040-MMD-WGC; *Hughett vs. City of Reno*, 3:21-cv-00036-MMD-WGC; *King vs. City of Reno*, 3:21-cv-00024-MMD-CLB; *Launer vs. City of Reno*, 3:21-cv-00026-HDM-CLB; *Loffer vs. City of Reno*, 3:20-cv-00711-MMD-CLB; *Long vs. City of Reno*, 3:21-cv-00023-MMD-WGC; *Nauman vs. City of Reno*, 3:20-cv-00713-RCJ-CLB; *New Life Assembly of God vs. City of Reno*, 3:21-cv-00016-MMD-WGC; *Nevarez vs. City of Reno*, 3:21-cv-00017-HDM-CLB; *Novak vs. City of Reno*, 3:20-cv-00586-MMD-WGC; *Pearson vs. City of Reno*, 3:21-cv-00021-MMD-WGC; *Pool vs. City of Reno*, 3:21-cv-00029-MMD-CLB; *Ross vs. City of Reno*, 3:21-cv-00022-HDM-WGC; *Schutte vs. City of Reno*, 3:20-cv-00714-MMD-CLB; *Siminoe vs. City of Reno*, 3:20-cv-00595-RCJ-CLB; *Sotelo vs. City of Reno*, 3:21-cv-00037-MMD-CLB; and *Spencer vs. City of Reno*, 3:20-cv-00715-MMD-WGC.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

plant over the prior 30 years. *Id.*, ¶61.  They also allege that the soils on the property became saturated, and that it now requires "tens of thousands of dollars" in repairs. *Id.*, ¶76 & 78.

In May 2017, a class action was commenced in Nevada state court based on the Swan Lake flooding, alleging claims of inverse condemnation, trespass, nuisance, and conversion against the City. *Id.*, ¶¶87[2], 84.  The class action was decertified in July 2020. *Id.*, ¶89.  Plaintiffs allege that the class action tolled the statute of limitations "as a matter of law." *Id.*, ¶90.

On October 16, 2020—approximately 3-½ years after the alleged "physical invasion"—Plaintiffs initiated this action under 42 U.S.C. § 1983 for a violation of Fifth Amendment's Takings Clause, along with pendant state-law claims for inverse condemnation, trespass, conversion, and nuisance. *Id.*, ¶¶91-124.

### III.  STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) essentially seeks a "ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983).  In such cases, court's review is limited to the contents of the complaint, as well as matters properly subject to judicial notice. *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003).

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In this regard, a plaintiff must allege "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 679 (*quoting Twombly* at 555).  Finally, a complaint may be dismissed where "the

---

[2] Plaintiffs' Complaint includes two paragraphs numerically referenced as 87. This citation refers to the first paragraph 87 immediately following the sub-title, "Procedural Background."

running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Accordingly, a dismissal of this case may be based on: (a) the lack of a cognizable legal theory, or (b) insufficient facts under a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). In addition, dismissal may be granted where the running of the applicable statute of limitation is apparent from the face of the complaint. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Based upon these standards, Plaintiffs' Complaint should be dismissed.

## IV.  LEGAL ARGUMENT

Plaintiffs' sole federal claim is an action under 42 U.S.C. § 1983.[3] For the reasons discussed below, that claim fails as a matter of law. In the absence of a valid federal claim, this Court should decline to exercise jurisdiction over Plaintiffs' pendant state-law claims. However, even if the Court were to exercise supplemental jurisdiction, Plaintiffs' state law claims also fail as a matter of law.

**A.   Plaintiffs' sole federal claim fails as a matter of law.**

As previously noted, Plaintiffs assert only one federal claim in this case—a Fifth Amendment takings claim under Section 1983. Accepting their allegations as true, this claim fails because it is time-barred. Even if Plaintiffs' federal claim was not time barred, there is no factual basis for their conclusory allegation that the claimed injury was caused by a municipal "policy or custom."[4]

---

[3] A plaintiff "complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citation omitted); *see also Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003) ("Taking claims must be brought under § 1983."). In addition, while Plaintiffs also seek a declaration of their rights pursuant 28 U.S.C. § 2201, that statute does not provide an independent source of federal jurisdiction, but merely provides an additional remedy once jurisdiction is found to exist on another ground. *See Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967).

[4] In addition, Plaintiffs fail to allege that Plaintiff Danny Cleous is an owner of the property. ECF No. 1, ¶¶5 & 62. At a minimum, then, the Court should rule he has failed to state a valid

1. **Plaintiffs' Section 1983 claim is time barred.**

In Nevada, a Section 1983 claim is subject to a two-year statute of limitations. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (applying NRS 11.190(4)(e) (*citing Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (ruling that the applicable state statute of limitations for Section 1983 claims is the limitations period for personal injury claims)). A Section 1983 claim is also subject to Nevada's tolling provisions. *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999) ("where the federal courts borrow the state statute of limitations, we also borrow the forum state's tolling rules"). Finally, such a claim accrues when the plaintiff knows or has reason to know of the underlying injury. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

Here, the alleged unlawful taking occurred on February 8, 2017—when the Plaintiffs contend they became aware of the City's alleged physical invasion. *Id.*, ¶¶67 & 70. Thus the applicable two-year limitations period expired on February 8, 2019. The Complaint, however, was filed more than 20-months later—on October 16, 2020.

Apparently recognizing this patent defect, Plaintiffs allege that the statute of limitations was tolled by a previously-decertified state-court class action. *Id.*, ¶90 ("For the purposes of statute of limitations, all periods between October 30, 2017 and July 6, 2020 are tolled *as a matter of law* for each member of the class action.") (emphases added). Presumably, Plaintiffs rely on the doctrine of class action tolling as announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). That doctrine does not apply here, however, as it applies "within the federal court system in federal question class actions only." *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1014-15 (C.D. Cal. 2011).

Where members of a decertified *state* class action seek to bring subsequent claims in *federal* court based on class action tolling, the forum state must first have adopted the doctrine of cross-jurisdictional tolling. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir.

---

federal taking claim. *United States v. Dow*, 357 U.S. 17, 20-21 (1958) (a plaintiff seeking just compensation for a taking under the Fifth Amendment must be the owner of the property at the time of the taking).

2008) (noting that only a "handful of states" have adopted cross-jurisdictional tolling). Nevada has **not** done so. *Archon Corp. v. Dist. Ct.*, 133 Nev. 816, 407 P.3d 702 (2017) (declining to adopt "[c]ross-jurisdictional class-action tolling" which "would suspend the statute of limitations . . . even if the class action was pending in a different jurisdiction than the one in which the individual plaintiff later brings suit."). When a state has not addressed the issue of cross-jurisdictional tolling, a federal court will refrain from importing the doctrine into the state. *Clemens*, 534 F.3d at 1025. Thus, cross-jurisdictional tolling is not applicable in this case.

In summary, Plaintiffs' Section 1983 claim is time barred under the applicable two-year statute of limitations, and, that period is not tolled by a state-court class action because Nevada has not adopted the doctrine of cross-jurisdictional class action tolling.

### 2. Plaintiffs fail to state a claim for municipal liability under Section 1983.

To state a Section 1983 claim, a plaintiff must identify a municipality's "policy or custom" that caused the alleged injury. *Monell v. New York City Dep't of Social Serv's*, 436 U.S. 658, 694 (1978). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). A practice is a "custom" only if it is "so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996) (citation omitted). Negligence is not enough. *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986) ("lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person."). And more proof than a single incident is necessary to establish the requisite fault on the part of the municipality. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."); *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident . . ..").

Here, in a superficial attempt to plead a valid *Monell* claim, Plaintiffs include a conclusory statement that the City has a "practice and policy of unlawfully using [11630 Tupelo] as storage for its flood waters." ECF No. 1, ¶98. The Complaint alleges no factual basis for

such a legal conclusion. To the contrary, the only formal municipal policy Plaintiffs specifically identify is one intended to "*mitigate* potential flooding in the area." *Id.*, ¶41 (emphasis added). In the absence of any supporting factual allegation, Plaintiffs' claim of an unlawful City policy amounts to nothing more than a "formulaic recitation," which is insufficient to state a Section 1983 claim. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (affirming dismissal of a Monell claim that "lack[ed] any factual allegations that would separate [it] from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*."). Plaintiffs may actually be attempting to allege that the flooding was caused by the City's *failure* to enforce its policy intended to "mitigate potential flooding in the area." ECF 1, ¶41. In that case, however, such an allegation would amount to mere negligence, which is also insufficient to state a Section 1983 claim. *See Daniels*, 474 U.S. at 333-36.

Alternatively, it may be that Plaintiffs are attempting to allege their claimed injury was caused by a "practice" of the City. ECF No. 1, ¶34, 45 (alleging the City has maintained and operated to public infrastructure "since the early 1980s," and approved development plans since 2002). However, controlling case law holds that absent a "formal governmental policy," a plaintiff must allege their harm was caused by a "longstanding practice . . . which constitutes the standard operating procedure of the local government entity." *Trevino*, 99 F.3d at 918 (citations omitted). Here, however, Plaintiffs **admit** in their allegations that this type of flooding has ***never occurred in the prior 50 years***. ECF No. 1, ¶14. Such an allegation is inconsistent with the existence of any longstanding City practice to use Plaintiffs' property at 11630 Tupelo as "storage for [the City's] flood waters." ECF No. 1, ¶98.

Accordingly, Plaintiffs fail to state a Section 1983 claim for municipal liability under the requirements set forth in *Monell*.

**3.      The Court should decline to exercise Supplemental Jurisdiction.**

Pursuant to 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction over a plaintiff's claims arising out of state law where said claims form part of the same case or controversy as do the federal questions at issue. The Court may decline, however, to exercise supplemental jurisdiction over state law claims if the court determines that the federal claims

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

warrant dismissal.  28 U.S.C. § 1367(c)(3).  "If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Wade v. Regional Credit Association*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

Accordingly, upon this Court's dismissal of Plaintiffs' sole federal claim premised on 42 U.S.C. § 1983, Plaintiffs' state law claims should be wholly dismissed as well.

**B.    Plaintiffs' state law claims each fail as a matter of law.**

Even if this Court were to exercise supplemental jurisdiction over Plaintiffs' state law claims, there are independent grounds for dismissal of those claims.   First, Plaintiffs' three tort claims are barred by the applicable Nevada statute of limitations.  Second, Plaintiffs fail to allege the elements necessary to a state takings claim based on flooding under Nevada law.[5]

**1.    Tort statute of limitations: Trespass, Conversion, Nuisance**

Plaintiffs' tort claims are based on state law, and therefore, Nevada law governs the statute of limitations.  *Sierra Diesel Injection Serv. v. Burroughs Corp.*, 648 F. Supp. 1148, 1152 (D. Nev. 1986) (the local law of the forum determines whether a claim is barred by the statute of limitations).  Under Nevada law, the torts of trespass, conversion and nuisance are all subject to a three-year statute of limitations.  NRS 11.190(3); *Kaplan v. Cty of Washoe*, 2020 WL 2843446, * (Nev. May 29, 2020) 464 P.3d 127 (unpublished disposition) (concluding that NRS 11.190(3) provides a three-year statute of limitations for trespass and nuisance and "does not provide an exception for claims of a continuing nature"); *Palludan v. Bergin*, 78 Nev. 441, 443, 375 P.2d 544, 545 (1962) (action for conversion subject to the three-year statute of limitations); *see also Gann v. Saylor*, No. 3:15-CV-00264-MMD-WGC, 2015 WL 13707450, at *6 (D. Nev. Aug. 20, 2015) (claims for trespass to real property and conversion are subject to the three-year statute of limitations).

---

[5] The limitations period for an inverse condemnation claim under Nevada law is 15 years.  *City of N. Las Vegas v. 5th & Centennial, LLC*, 130 Nev. 619, 625, 331 P.3d 896, 900 (2014).

In this case, the last acts or omissions Plaintiffs attribute to the City occurred in April 2017. ECF No. 1, ¶¶53-55. As such, Plaintiffs fail to allege facts in support of their state tort claims claim within three years of the Complaint having been filed. Accordingly, Plaintiffs' three tort claims (trespass, conversion and nuisance) are barred by the applicable Nevada statute of limitations.

### 2. Inverse condemnation (Nevada law).

Plaintiffs fail to state a claim for inverse condemnation under Nevada law.[6] Such liability presents a question of law. *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. 1, 11, 293 P.3d 860, 866 (2013); *see also Fritz v. Washoe Cnty.*, Case No. 75693, 2019 WL 2339457, *2, note 2 (May 31, 2019) (unpublished disposition), *cert. denied*, 2020 WL 2105277 (U. S. May 4, 2020) (*Fritz II*).[7] Under Nevada law, a party claiming a taking based on the diversion of surface water must allege (a) physical invasion of flood waters, and (b) resulting substantial injury. *Buzz Stew, LLC v. City of N. Las Vegas*, 131 Nev. 1, 341 P.3d 646, 650 (2015) (*citing Cnty. of Clark v. Powers*, 96 Nev. 497, 501 n. 3, 504, 611 P.2d 1072, 1075 n. 3, 1076 (1980); *Fritz II*, *3 (ruling a taking by flooding was not established were a property had "only flooded three times and none of those times resulted in substantial damage sufficient to destroy or impair the property's usefulness"). Mere damage to property does suffice. *Sloat v. Turner*, 93 Nev. 263, 268, 563 P. 2d 86,89 (1977) (the Nevada Constitution "provides for compensation based solely on a taking by the state of private property, not for damage thereto."). Here, Plaintiffs fail to allege any facts to support these requisite elements.

First, the "physical invasion" element requires the subject property be subject to "frequent and inevitable" flooding. *Powers*, 96 Nev. at 501, 611 P.2d at 1074-5. Here, the facts

---

[6] As previously noted, Plaintiffs fail to allege Danny Cleous has any ownership interest in 11630 Tupelo. ECF No. 1, ¶¶5 & 62. Thus, at a minimum, the Court should dismiss this claim as to him. *See Cliff Shadows*, 129 Nev. at 866, 293 P.3d at 866 (to bring a takings claim, the party must have "a legitimate interest in property that is affected by the government's activity").

[7] The Nevada Supreme Court's ruling in *Fritz II* followed its prior determination that the district court's findings were insufficient to determine if there was a taking. *Fritz v. Washoe Cty.* (*Fritz I*), 132 Nev. 580, 586, 376 P.3d 794, 796 (2016).

alleged by the Plaintiffs fail to satisfy this standard. Plaintiffs do not allege, for example, that the event that constituted the taking—the overflow of Swan Lake— is "frequent and inevitable." Instead, they allege that the flooding event in this case occurred for the first time in 2017, and that no such flooding had occurred in the prior 50 years. ECF No. 1, ¶14.

Second, the "substantial injury" element requires the physical invasion "effectually destroy or impair [the property's] usefulness." Fritz, 2019 WL 2339457, *2 (*citing Powers*, 96 Nev. at 501 n.3, 611 P.2d at 1075 n.3). Here, Plaintiffs do not allege that the only practical use of subject property is "as a flood channel." *See, e.g.*, *Clark Cty.*, 96 Nev. at 501, 611 P.2d at 1075 (ruling a taking had occurred where the subject "property no longer had a practical use other than as a flood channel"). To the contrary, they admit that Danny Cleous continues to use the property at 11630 Tupelo as his primary residence. *Id.*, ¶ 64.

Finally, an inverse condemnation claim under Nevada law does not arise from mere damage to property. *Sloat*, 93 Nev. at 268, 563 P. 2d at 89. Instead, a taking arises where the "owner loses an interest in [his/her] property," in which case an "award of just compensation is a substitute for that lost interest in the property." *Argier v. Nevada Power Co.*, 114 Nev. 137, 140, 952 P.2d 1390, 1392 (1998). In this case, however, Plaintiffs fail to identify any property right allegedly taken by the City. Instead, they allege damage to the property (capable of being "restored"), and "saturated soils." ECF No. 1, ¶¶76, 78. These allegations fail to identify any property interest that has allegedly been condemned.

In summary, Plaintiffs fail to state a claim for inverse condemnation under Nevada law.

## V. CONCLUSION

For all the foregoing reasons, Defendant City of Reno requests that this Court dismiss the Complaint with prejudice pursuant to FRCP 12(b)(6).

DATED this 22nd day of January, 2021.

                KARL S. HALL
                Reno City Attorney


By: /s/ William J. McKean
     JONATHAN D. SHIPMAN
     Assistant City Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLIAM J. McKEAN
Deputy City Attorney
CHANDENI K. SENDALL
Deputy City Attorney
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendant City of Reno*

# **CERTIFICATE OF SERVICE**

Pursuant to LR IC 5-1, I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document on the party(s) set forth below by:

_____  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____  Personal delivery.

  X     CM/ECF electronic service, addressed as follows:

> Luke Busby, Esq.
> 316 California Ave #82
> Reno, NV 89509
> *Attorney for Plaintiffs*

> Doyle Law Office
> 4600 Kietzke Lane
> Suite I-207
> Reno, NV 89502
> *Attorneys for Plaintiffs*

_____  Facsimile (FAX).

_____  Federal Express or other overnight delivery.

_____  Reno/Carson Messenger Service.

DATED this 22nd day of January, 2021.

By:  /s/   Jeanette Sparks
      Jeanette Sparks
      Legal Assistant